UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DESIMONE HOSPITALITY SERVICES, LLC,

       Plaintiff,

v.                                  Misc. Action No.: 2:14-00063
                                    (A.P. 2:14-2036)

WEST VIRGINIA-AMERICAN WATER COMPANY,

       Defendant.

SHAPE SHOP, INC.
and THELMA FAYS, LLC
d/b/a THELMA FAYS CAFE,

       Plaintiffs,

v.                                  Misc. Action No. 2:14-00038
                                    (A.P. No. 2:14-2008)

FREEDOM INDUSTRIES, INC.
and AMERICAN WATER WORKS
SERVICE COMPANY, INC.
and WEST VIRGINIA AMERICAN
WATER COMPANY,

       Defendants.

NOEL HARDMAN and BRIAN VANNOY and
DIANA JOHNSON and COURTNEY HARPER and
KATHRYN CASTO and ROBERT STRINGER and
KIMBERLY LAPSLEY and TIMOTHY WILBURN and
MEAGAN KRASYK and HEIDI STRICKLEN and
MARK STRICKLEN and SONJA MARSHALL and
MARLENE DIAL and MARGARET SUE ZALENSKI and
JOSEPH ZALENSKI and JAMES PARSONS and
JANET ATKINS and KEITH ROEHL and
LISA ROEHL and CARL CHADBAND and
KRISTI CHADBAND and WILLIAM LIPSCOMB and
DEBRA LIPSCOMB and APRIL HARRIS and
ARMELIA PANNELL and LENOX CHANDLER and

JOHNETTE JASPER and LATAUSHA TAYLOR and
KEVIN STUBBLEFIELD and MARTHA STUBBLEFIELD and
TAMMY PARSONS,

     Plaintiffs,

v.                         Misc. Action No. 2:14-00039
                                (A.P. No. 2:14-2009)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA-AMERICAN WATER COMPANY,

     Defendants.


MADDIE P. FIELDS,

     Plaintiff,

v.                         Misc. Action No. 2:14-00040
                                (A.P. No. 2:14-2010)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA-AMERICAN WATER COMPANY,

     Defendants.

RODOCO, INC. d/b/a DONUT CONNECTION, and
ALMOST HEAVEN BURGERS, INC.
d/b/a CHECKERS DRIVE-IN RESTAURANT
and HARGIS UNLIMITED, LLC
d/b/a KANAWHA CITY COIN LAUNDRY
and MELANIE MARTIN
and MEGAN SPEARS
and SYRRA SALON LLC
and PAUL KIRK
d/b/a BARE KNUCKLES TATTOO SHOP,

     Plaintiffs,

v.                         Misc. Action No. 2:14-00041
                                (A.P. No. 2:14-2011)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA-AMERICAN WATER COMPANY,

     Defendants.

EG & K INC.
and RUSTY A. CARPENTER,

  Plaintiffs,

v.          Misc. Action No. 2:14-00042
             (A.P. No. 2:14-2012)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA-AMERICAN WATER COMPANY, and
JOHN DOE CORPORATION 1 THROUGH 5
and JOHN DOE,

  Defendants.


SUSAN K. DYER
individually and on behalf of
all others similar situated,

  Plaintiff,

v.          Misc. Action No. 2:14-00043
             (A.P. No. 2:14-2013)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA-AMERICAN WATER COMPANY,

  Defendants.


5 CORNERS CAFÉ, LLC and
THE VINTAGE BARBER SHOP and
JUSTIN A. AMOS,

  Plaintiffs,

v.          Misc. Action No. 2:14-00044
             (A.P. No. 2:14-2014)

FREEDOM INDUSTRIES, INC.,

  Defendant.

3

CANDICE HENRY MAHOOD
and CARRIE ANN SAMUELS
and KATHERINE ELLA GRUBB
and KELLI OLDHAM
and ELIZABETH GRUBB,

       Plaintiffs,

v.                             Misc. Action No. 2:14-00045
                               (A.P. No. 2:14-2015)

FREEDOM INDUSTRIES, INC. and
DENNIS FARRELL and
WEST VIRGINIA AMERICAN WATER COMPANY
and OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR
FREEDOM INDUSTRIES, INC.,

       Defendants.


VON HARVEY,

       Plaintiff,

v.                             Misc. Action No. 2:14-00046
                               (A.P. No. 2:14-2016)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA AMERICAN WATER and
AMERICAN WATER WORKS SERVICE COMPANY, INC. and
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
FREEDOM INDUSTRIES, INC.,

       Defendants.

```
PRAY CONSTRUCTION COMPANY and
A-LEX, INC. and
GRUMPY'S GRILLE, LLC and
TWOD INC.,

        Plaintiffs,

v.                                 Misc. Action No. 2:14-00047
                                   (A.P. No. 2:14-2017)


FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA AMERICAN WATER
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
FREEDOM INDUSTRIES, INC.,

        Defendants.


JOE FAZIO'S RESTAURANT, INC.,

        Plaintiff,

v.                                 Misc. Action No. 2:14-00048
                                   (A.P. No. 2:14-2018)


FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA AMERICAN WATER,

        Defendants.



LAURA GANDEE,
individual and as representative
of others similarly situated,

        Plaintiff,

v.                                 Misc. Action No. 2:14-00049
                                   (A.P. No. 2:14-2019)


FREEDOM INDUSTRIES, INC.,

        Defendant.
```

JOHN NELSON and
WANDA TRIBBIE,
an individual and as representative
of and along with "other stylists
or barbers, located in Kanawha,
Putnam, Boone, Jackson, Cabell, Clay
Lincoln, Logan and Roane Counties
similarly situated,

       Plaintiffs,

v.                         Misc. Action No. 2:14-00050
                               (A.P. No. 2:14-2022)


FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA AMERICAN WATER COMPANY,

       Defendants.


KUPPEL LLC
d/b/a DREAM TANK
d/b/a CAPITOL DOME BAR & GRILLE
and REEMA FAMILY HAIRSTYLING,

       Plaintiffs,

v.                         Misc. Action No. 2:14-00051
                               (A.P. No. 2:14-2023)


FREEDOM INDUSTRIES, INC.
and WEST VIRGINIA AMERICAN WATER,

       Defendants.

**SHANNON LARWA and**
SHANNON'S SUITE SALON, LLC
d/b/a SHANNON'S SUITE SALON and
**JENNIFER SCHOOLCRAFT and INNOV8 SALON, LLC**
**d/b/a INNOV8 SALON, LLC and**
**ALEX MORGADO and MORGADO DESIGN, LLC**
**d/b/a MORGADO DESIGN and JOHN PATRICK BURGESS, DDS and**
**MADIGAN RAE BURGESS, DDS, individually and on behalf of**
**all others similarly situated,**

       **Plaintiffs,**

v.                                   Misc. Action No. 2:14-00052
                                     (A.P. No. 2:14-2024)


**FREEDOM INDUSTRIES, INC. and**
**WEST VIRGINIA AMERICAN WATER COMPANY,**

       **Defendants.**


**CORNELLISUS D. CHRISTIAN,**

       **Plaintiff,**

v.                                   Misc. Action No. 2:14-00053
                                     (A.P. No. 2:14-2025)


**FREEDOM INDUSTRIES, INC.,**

       **Defendant.**


**JOHN LEVIN and**
**LOUISA LEVIN**
on behalf of themselves and
all others situated,

       **Plaintiffs,**

v.                                   Misc. Action No. 2:14-00054
                                     (A.P. No. 2:14-2026)


**FREEDOM INDUSTRIES, INC. and**
**WEST VIRGINIA AMERICAN WATER COMPANY,**

       **Defendants.**

GRAZIANO INVESTMENTS, INC. and
CATERING UNLIMITED, INC. and
SHELTON'S OF KANAWHA CITY, LLC and
ERIC BOOTH individually and on behalf of
others similarly situated,

        Plaintiffs,

v.                           Misc. Action No. 2:14-00055
                           (A.P. No. 2:14-2027)

FREEDOM INDUSTRIES, INC.,

        Defendant.

HAIR WE ARE, INC.,

        Plaintiff,

v.                           Misc. Action No. 2:14-00056
                           (A.P. No. 2:14-2029)

FREEDOM INDUSTRIES, INC. and
WEST VIRGINIA AMERICAN WATER,

        Defendants.

JUNE GURSKI
and JOHN DOE BUSINESS OWNER,

        Plaintiffs,

v.                           Misc. Action No. 2:14-00057
                           (A.P. No. 2:14-2030)

FREEDOM INDUSTRIES, INC.
and WEST VIRGINIA-AMERICAN
WATER COMPANY
and JOHN DOE CORPORATION
1 THROUGH 5
and JOHN DOE,

        Defendants.

8

LITTLE BO PEEP DAYCARE and
KIDS R US DAYCARE and
PAULINE'S HOUSE OF CURLS and
JANE GURSKI and
PAULA MILLER, individually and on behalf
of others similarly situated,

       Plaintiffs,

v.                              Misc. Action No.: 2:14-00058
                              (A.P. 2:14-2031)

WEST VIRGINIA-AMERICAN WATER COMPANY,

       Defendant.


BOBBY L. TUCKER and
REBA TUCKER, his wife,

       Plaintiffs,

v.                              Misc. Action No.: 2:14-00059
                              (A.P. 2:14-2032)

WEST VIRGINIA-AMERICAN WATER COMPANY,

       Defendant.


MAID IN THE USA, INC., doing business as
Maid to Perfection of Charleston,

       Plaintiff,

v.                              Misc. Action No.: 2:14-00060
                              (A.P. 2:14-2030)

WEST VIRGINIA-AMERICAN WATER COMPANY,

       Defendant.

OTIS TUCKER and
DANETTE TUCKER, his wife,

     Plaintiffs,

v.                           Misc. Action No.: 2:14-00061
                                     (A.P. 2:14-2034)

WEST VIRGINIA-AMERICAN WATER COMPANY,

     Defendant.


THE TOWN OF BUFFALO,

     Plaintiff,

v.                           Misc. Action No.: 2:14-00062
                                     (A.P. 2:14-2035)

WEST VIRGINIA-AMERICAN WATER COMPANY,

     Defendant.


RONNIE ALLEN BRISCOE and
DENISE EVON BRISCOE,

     Plaintiffs,

v.                           Misc. Action No.: 2:14-00064
                                     (A.P. 2:14-2037)

WEST VIRGINIA-AMERICAN WATER COMPANY,

     Defendant.

DEBORAH J. HEDRICK,

     Plaintiff,

v.                           Misc. Action No.: 2:14-00065
                                     (A.P. 2:14-2038)

WEST VIRGINIA-AMERICAN WATER COMPANY,

     Defendant.

WILLIAM DESIMONE, JR. and
DEANNA L. DESIMONE,

      Plaintiffs,

v.                                        Misc. Action No.: 2:14-00066
                                          (A.P. 2:14-2039)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.


LARRY NEWHOUSE and
BRENDA NEWHOUSE,

      Plaintiffs,

v.                                        Misc. Action No.: 2:14-00067
                                          (A.P. 2:14-2040)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.


WELLINGTON'S, INC., a West Virginia corporation,
doing business as Wellington's Cafe' & Catering,

      Plaintiff,

v.                                        Misc. Action No.: 2:14-00068
                                          (A.P. 2:14-2041)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.

DARRELL L. MOORE and
TAMMY MOORE, his wife,[1]

      Plaintiffs,

v.                                        Misc. Action No.: 2:14-00069
                                          (A.P. 2:14-2042)


WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.


GARY N. DEWEESE and
CONNIE L. DEWEESE,

      Plaintiffs,

v.                                        Misc. Action No.: 2:14-00070
                                          (A.P. 2:14-2043)


WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.


GERALDINE JOHNS,

      Plaintiff,

v.                                        Misc. Action No.: 2:14-00071
                                          (A.P. 2:14-2044)


WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.

---

[1] The style of this civil action is amended to conform herewith.

12

CHRISTOPHER M. DEWEESE and
LORI L. DEWEESE,

      Plaintiffs,

v.                             Misc. Action No.: 2:14-00072
                                 (A.P. 2:14-2045)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.


CHRISTOPHER JORDAN,

      Plaintiff,

v.                             Misc. Action No.: 2:14-00073
                                 (A.P. 2:14-2046)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.


SANDYLOU & TIFFANY 2, LLC, a West Virginia corporation,
doing business as Angaleno's Pizza,

      Plaintiff,

v.                             Misc. Action No.: 2:14-00074
                                 (A.P. 2:14-2047)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.

MARGIE JORDAN,

      Plaintiff,

v.                             Misc. Action No.: 2:14-00075
                                 (A.P. 2:14-2048)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.

NICK KONNOVITCH,

      Plaintiff,

v.                                Misc. Action No.: 2:14-00076
                                (A.P. 2:14-2049)

WEST VIRGINIA-AMERICAN WATER COMPANY and
FREEDOM INDUSTRIES, INC.,

      Defendants.

MISTY HARRIS,

      Plaintiff,

v.                                Misc. Action No.: 2:14-00077
                                (A.P. 2:14-2050)

WEST VIRGINIA-AMERICAN WATER COMPANY,

      Defendant.

MARY BARBER

      Plaintiff

v.                                Misc. Action No.: 2:14-00078
                                (A.P. No. 2:14-2051)

WEST VIRGINIA AMERICAN WATER COMPANY

      Defendant

WARREN SHAMBLIN and
JESSICA SHAMBLIN,

      Plaintiffs

v.                                Misc. Action No.: 2:14-00079
                                (A.P. No. 2:14-2052)

WEST VIRGINIA AMERICAN WATER COMPANY

      Defendant

14

**BUFFALO VOLUNTEER FIRE DEPARTMENT, INC.,**

       **Plaintiff**

**v.**                                          **Misc. Action No.: 2:14-00080**
                                           **(A.P. No. 2:14-2053)**

**WEST VIRGINIA AMERICAN WATER COMPANY**

       **Defendant**


**TRENT FORBIS and**
**LESLI FORBIS**

       **Plaintiffs**

**v.**                                          **Misc. Action No.: 2:14-00081**
                                           **(A.P. No. 2:14-2054)**

**WEST VIRGINIA AMERICAN WATER COMPANY**

       **Defendant**


**EJ&K ENTERPRISES, LLC and**
**SOUTH HILLS MARKET & CAFÉ, LLC**

       **Plaintiffs**

**v.**                                          **Misc. Action No.: 2:14-00082**
                                           **(A.P. No. 2:14-2055)**

**WEST VIRGINIA AMERICAN WATER COMPANY**

       **Defendant**

**JASON BROGAN**

       **Plaintiff**

**v.**                                          **Misc. Action No.: 2:14-00083**
                                           **(A.P. No. 2:14-2056)**

**WEST VIRGINIA AMERICAN WATER COMPANY**

       **Defendant**

AM & GH LLC,
doing business as
Grano, and L AND G FOODS, INC. and
SAHARA CATERING & RESTAURANT, INC., and
MADELINES CAFÉ INC., and
MOUND CLEANERS, INC., and
NEXUS ATHLETIC CLUBS, INC., and
CITY FITNESS, INC., and
NAUTILUS FITNESS CENTER, INC., and
KINETIX FITNESS LLC, and
PAUL WALTON, JR., and
TABETHA PEIROS and
BART A. ROBERTS and
KRISTI MADDOX,
and all others similarly situated,

      Plaintiffs

v.                         Misc. Action No.: 2:14-00084
                         (A.P. No. 2:14-2057)

WEST VIRGINIA AMERICAN WATER COMPANY

      Defendant


FALBO & MONDAY, PLLC,
and similiarly situated,

      Plaintiffs

v.                         Misc. Action No.: 2:14-00085
                         (A.P. No. 2:14-2058)

WEST VIRGINIA AMERICAN WATER COMPANY

      Defendant

J. E., individually
and on behalf of their minor child,
K.E.,

          Plaintiff

v.                              Misc. Action No.: 2:14-00086
                                (A.P. No. 2:14-2059)


WEST VIRGINIA AMERICAN WATER COMPANY

          Defendant


MELISSA JEAN MEDLEY,

          Plaintiff

v.                              Misc. Action No.: 2:14-00087
                                (A.P. No. 2:14-2060)


WEST VIRGINIA AMERICAN WATER COMPANY

          Defendant


RICHARD GRAVELY,

          Plaintiff

v.                              Misc. Action No.: 2:14-00088
                                (A.P. No. 2:14-2061)


WEST VIRGINIA AMERICAN WATER COMPANY

          Defendant

SCOTT MILLER and
BAR 101, LLC, and
ICHIBAN, individually and on
behalf of all others similarly situated,

       Plaintiffs

v.                               Misc. Action No.: 2:14-00089
                               (A.P. No. 2:14-2062)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant


MARK STRICKLAND,

       Plaintiff

v.                               Misc. Action No.: 2:14-00090
                               (A.P. No. 2:14-2063)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant


DANIEL CLEVE STEWART,

       Plaintiff

v.                               Misc. Action No.: 2:14-00091
                               (A.P. No. 2:14-2064)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant

KRISTY ORD and SHERRI VANCE and
CAMBREE VANCE and ANN PERRINE and
SANDRA BOWLES and JENNIFER TOTTEN and
WILLIAM G. JONES,

       Plaintiffs

v.                                    Misc. Action No.: 2:14-00092
                                    (A.P. No. 2:14-2065)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant


ADELPHIA, INC.,
on behalf of themselves and
all others similarly situated,
doing business as
Adelphia Sports Bar & Grill,
doing business as
Capitol Car Wash,
doing business as
Spyros Parking Lots,

       Plaintiffs

v.                                    Misc. Action No.: 2:14-00093
                                    (A.P. No. 2:14-2067)

WEST VIRGINIA AMERICAN WATER COMPANY

       Defendant

KANAWHA GOURMET SANDWICHES, LLC,
individually and on behalf of
all others similarly situated

      Plaintiff

v.                              Misc. Action No.: 2:14-00098
                                   (A.P. No. 2:14-2028)

FREEDOM INDUSTRIES, INC., and
WEST VIRGINIA AMERICAN WATER and
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR FREEDOM INDUSTRIES, INC.,

      Defendants


<u>MEMORANDUM OPINION AND ORDER</u>


      Pending are omnibus motions to withdraw reference of
these cases to the bankruptcy court, filed on or about March 3,
2014, in the above-styled adversary proceedings.


I.


      Freedom is a West Virginia corporation engaged
primarily in the production of specialty chemicals for the
mining, steel, and cement industries.  It is also a leading
supplier of freeze conditioning agents, dust control
palliatives, flotation reagents, water treatment polymers, and
other specialty chemicals.  Freedom operates two production
facilities in West Virginia, namely, in Nitro ("Nitro Facility")
and Charleston ("Charleston Facility").

On January 9, 2014, an apparent leak occurred in one
of Freedom's storage tanks located at the Charleston Facility.
On January 17, 2014 ("Petition Date"), Freedom petitioned in
this district for relief under chapter 11 of title 11 of the
United States Code, 11 U.S.C. §§ 101.

At the time of filing of the omnibus motions to
withdraw reference, 62 civil actions had been instituted against
various defendants relating to the incident.  Freedom contends
it is foreseeable that, in those cases where it is not named,
parties will assert indemnity or contribution claims against it
at a later time.  On February 21 and 22, 2014, Freedom removed
to the bankruptcy court those state actions in which it was
named a defendant.  On February 24, 2014, West Virginia American
Water Company ("WVAWC") removed to this court as "related-to"
cases each of the state actions in which Freedom was not named.[2]

The factual allegations in all of the cases arise from
the alleged leak.  According to Freedom, the claims vary and
rely on a range of legal and equitable theories.  No one

---

[2] Two cases were instituted in the district court invoking
federal question jurisdiction.  Two more were removed and invoke
diversity jurisdiction under the Class Action Fairness Act
("CAFA") and 28 U.S.C. § 1332(d)(2).  The remaining actions were
instituted in various state circuit courts and removed as
adversary proceedings pursuant to 28 U.S.C. §§ 1334 and 1452(a).

disputes, however, that the plaintiffs assert one or more of
four categories of claims as follows: (a) physical personal
injury tort claims, such as bodily injury, emotional distress
and/or requests for medical monitoring to detect bodily injury
in the future; (b) non-physical personal injury tort claims,
such as annoyance, loss of enjoyment, nuisance and
inconvenience; (c) property-related claims, such as trespass,
property damage, and loss of use of property; and (d) financial
claims, such as lost income or loss-of-business claims.

        The court has reviewed the claims register in the
case.  At this point, it does not appear that any of the
plaintiffs have filed a claim against Freedom.  A jury trial is
demanded in all of the actions.


                              II.


A.   The Governing Standard


        From the outset, it is important to take note of our
court of appeals' views concerning the respective powers of the
district and bankruptcy courts in a setting such as this:

     [F]ederal district courts exercise original
     jurisdiction over all "matters and proceedings in
     bankruptcy," 28 U.S.C.   1334, and bankruptcy judges
     "serve as judicial officers of the United States

                              22

district court established under Article III of the
Constitution." 28 U.S.C.   152(a)(1). Bankruptcy
courts are . . . "unit[s] of the district court," 28
U.S.C. § 151, and derive their jurisdiction only
through 28 U.S.C. § 157(a), which authorizes district
courts to refer bankruptcy matters at their discretion
to bankruptcy courts. <u>However, district courts retain
the power to withdraw any reference from the
bankruptcy court</u>. 28 U.S.C.   157(d). Thus, "while
functionally there may appear to be a separate
bankruptcy court, for jurisdictional purposes there is
only one court, <u>i.e.</u>, the district court." <u>In re
Northwest Cinema Corp.</u>, 49 B.R. at 480.

<u>In re Grewe</u>, 4 F.3d 299, 304 (4th Cir. 1993) (footnote omitted);

<u>see also</u> <u>Anderson v. Federal Deposit Ins. Corp.</u>, 918 F.2d 1139,

1142 (4th Cir. 1990) ("District courts may withdraw reference to

the bankruptcy court of a bankruptcy case or related proceeding,

in whole or in part under 28 U.S.C. § 157(d).").

     There is good reason for withdrawal at this time.  It

appears at this juncture that, despite the presence of equitable

claims, the plaintiffs have essentially pled actions at law

seeking damages.  As the Supreme Court held in <u>In

Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33 (1989), a right to

a jury trial attaches in such actions.  The equitable claims do

not require a different result.

     In <u>Dairy Queen, Inc. v. Wood</u>, 369 U.S. 469 (1962), the

Supreme Court reiterated that "where both legal and equitable

issues are presented in a single case, 'only under the most

imperative circumstances . . . can the right to a jury trial of
legal issues be lost through prior determination of equitable
claims.'"  <u>Id.</u> at 472-73 (quoting <u>Beacon Theatres v. Westover</u>,
359 U.S. 500, 510-11 (1959)).  As further stated in <u>Dairy Queen</u>:

> [T]he constitutional right to trial by jury cannot be
> made to depend upon the choice of words used in the
> pleadings. The necessary prerequisite to the right to
> maintain a suit for an equitable accounting, like all
> other equitable remedies, is . . . the absence of an
> adequate remedy at law.

<u>Id.</u> at 477-78.

Our court of appeals addressed a withdrawal of
reference request as to core claims in <u>In re Stansbury Poplar</u>
<u>Place, Inc.</u>, 13 F.3d 122 (4th Cir. 1999).  <u>In re Stansbury</u>
involved five related bankruptcy estates.  An omnibus creditors'
committee instituted adversary proceedings against the debtors'
officers, directors, insiders and shareholders ("defendants") on
a variety of grounds.  Defendants contended that (1) they
enjoyed a Seventh Amendment right to jury trials on the
committees' fraudulent conveyance actions, (2) the bankruptcy
court lacked authority to conduct the trials, and (3) the order
of reference should be immediately withdrawn.

After concluding defendants were correct on the first
two points, the court of appeals parted company with them on the
necessity of immediate withdrawal.  The underlying analysis is

instructive here:

> Our holding that bankruptcy judges are not
> authorized to conduct jury trials does not mean that
> the bankruptcy court immediately loses jurisdiction of
> the entire matter or that the district court cannot
> delegate to the bankruptcy court the responsibility
> for supervising discovery, conducting pre-trial
> conferences, and other matters short of the jury
> selection and trial.   The decision whether or not to
> withdraw the referral immediately "is frequently more
> a pragmatic question of efficient case administration
> than a strictly legal decision." <u>Travelers Ins. Co.
> v. Goldberg</u>, 135 B.R. 788, 792 (D. Md. 1992).   While
> the bankruptcy court may be uniquely qualified to
> conduct pre-trial matters in some core proceedings, in
> other cases such a referral would be a "futile detour,
> requiring substantial duplication of judicial effort."
> <u>Compare</u> <u>Travelers Ins. Co.</u>, 135 B.R. at 792-93 <u>with</u>
> <u>City Fire Equipment Co. v. Ansul Fire Protection
> Wormald U.S., Inc.</u>, 125 B.R. 645, 649 (N.D. Ala. 1989)
> (bankruptcy court has the authority and is uniquely
> qualified to supervise discovery and decide pre-trial
> issues).   This type of pragmatic decision is best
> left to the district court and we remand for that
> court to consider the Committee's request.

<u>Stansbury</u>, 13 F.3d at 128.


The court concludes that the plaintiffs in the

aforementioned adversary proceedings appear entitled to a jury

trial as requested in each of the actions covered by the motions

for withdrawal of reference.  It further does not appear that

any party desires to consent to the bankruptcy court conducting

jury trials in these matters pursuant to 28 U.S.C. § 157(e), nor

that such right to a jury trial has been somehow waived by the

claims process to date.  Inasmuch as many of these related-to

cases involve traditional personal injury tort claims of a non-

core variety, the better course is to withdraw reference
immediately to assure efficient case administration.[3]  It is,
accordingly, ORDERED that the motions to withdraw reference be,
and hereby are, granted.

      The Clerk is directed to forward copies of this
written opinion and order to all counsel of record.

DATED:  April 16, 2014

John T. Copenhaver, Jr.
United States District Judge

---

[3] It is noted that these types of claims are the subject of
mandatory withdrawal of reference pursuant to 28 U.S.C. §
157(b)(5).  _Id._ ("The district court shall order that personal
injury tort . . . claims shall be tried in the district court in
which the bankruptcy case is pending . . . .").